ATTORNEY'S NAME:  Posner, Emily H 35284
AND ADDRESS:     1649 North Robertson 191, New Orleans, LA 70116

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-00473          **DIVISION: N**          **SECTION: 08**

BRYANT, KEITH  126959

**Versus**

### THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ET AL

#### CITATION

TO:      THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY
         AND CORRECTIONS

THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: JAMES M. LEBLANC, SECRETARY

         CAPITOL STATION, 504 MAYFLOWER STREET, BATON ROUGE, LA 70804

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)

days after the service hereof under penalty of default.

#### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 28, 2019**

Clerk's Office, Room 402, Civil Courts          **CHELSEY RICHARD NAPOLEON, Clerk of**
421 Loyola Avenue                               **The Civil District Court**
New Orleans, LA                                 **for the Parish of Orleans**
                                                State of LA
                                                by _____
                                                **Theodore Hines, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON **THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** | ON **THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** |
| THROUGH: **ITS AGENT FOR SERVICE OF PROCESS: JAMES M. LEBLANC, SECRETARY** | THROUGH: **ITS AGENT FOR SERVICE OF PROCESS: JAMES M. LEBLANC, SECRETARY** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** being absent |
| Mileage: $ _____ | from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Headquarters - Legal

DATE SERVICE ACCEPTED: 4/11/19
BY:
SUIT #:

ID: 10113084                    Page 1 of 1

ATTORNEY'S NAME:   Posner, Emily H 35284
AND ADDRESS:         1649 North Robertson 191, New Orleans, LA 70116

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-00473          **DIVISION: N**          SECTION: 08

**BRYANT, KEITH**

**Versus**

**THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ET AL**

**CITATION**

TO:       JAMES M. LEBLANC, SECRETARY

CAPITOL STATION, 504 MAYFLOWER STREET, BATON ROUGE, LA 70804

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)

days after the service hereof under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\***COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE**\*\*\*\*\*\*\*\*

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 28, 2019**

**Clerk's Office, Room 402, Civil Courts**          **CHELSEY RICHARD NAPOLEON, Clerk of**
**421 Loyola Avenue**                               **The Civil District Court**
**New Orleans, LA**                                 **for the Parish of Orleans**
                                                    **State of LA**
                                                    **by** _Theodore Hin_
                                                    **Theodore Hines, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON **JAMES M. LEBLANC, SECRETARY** | ON **JAMES M. LEBLANC, SECRETARY** |
| THROUGH: | THROUGH: |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **JAMES M. LEBLANC, SECRETARY** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER          RETURN | Deputy Sheriff of _____ |
| _____ / _____ / _____ | |
| SERIAL NO.      DEPUTY      PARISH | |

ATTORNEY'S NAME:   Posner, Emily H 35284
AND ADDRESS:       1649 North Robertson 191, New Orleans, LA 70116

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-00473            **DIVISION: N**            SECTION: 08

**BRYANT, KEITH**

**Versus**

### THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ET AL

### CITATION

TO:        ANGELA GRIFFIN

THROUGH:   SECRETARY JAMES LEBLANC OR HIS EMPLOYEES

           504 MAYFLOWER STREET, BATON ROUGE, LA 70804

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)
days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA January 28, 2019**

**Clerk's Office, Room 402, Civil Courts**        **CHELSEY RICHARD NAPOLEON, Clerk of**
**421 Loyola Avenue**                             **The Civil District Court**
**New Orleans, LA**                               **for the Parish of Orleans**
                                                  **State of LA**
                                                  **by**
                                                  **Theodore Hines, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON **ANGELA GRIFFIN** | ON **ANGELA GRIFFIN** |
| THROUGH: **SECRETARY JAMES LEBLANC OR HIS EMPLOYEES** | THROUGH: **SECRETARY JAMES LEBLANC OR HIS EMPLOYEES** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said **ANGELA GRIFFIN** being absent from the domicile at time of said service. |
| _____ / ENTERED /_____ | Returned the same day |
| PAPER           RETURN | _____ No. _____ |
| _____/_____/_____ | Deputy Sheriff of _____ |
| SERIAL NO.   DEPUTY   PARISH | |

---

ID: 10113087                     Page 1 of 1

ATTORNEY'S NAME: Posner, Emily H 35284
AND ADDRESS: 1649 North Robertson 191, New Orleans, LA 70116

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2019-00473 | DIVISION: N | SECTION: 08 |
| --- | --- | --- |

### BRYANT, KEITH

**Versus**

### THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ET AL

### CITATION

TO:      OTHER UNKNOWN DEFENDANTS

THROUGH:      SECRETARY JAMES LEBLANC OR HIS EMPLOYEES

          504 MAYFLOWER STREET, BATON ROUGE, LA 70804

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA January 28, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _Theodore Hines_
**Theodore Hines, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
| --- | --- |
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages** | **Petition for Damages** |
| ON **OTHER UNKNOWN DEFENDANTS** | ON **OTHER UNKNOWN DEFENDANTS** |
| THROUGH: **SECRETARY JAMES LEBLANC OR HIS EMPLOYEES** | THROUGH: **SECRETARY JAMES LEBLANC OR HIS EMPLOYEES** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said **OTHER UNKNOWN DEFENDANTS** being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ | |
| Mileage: $ _____ | |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER    RETURN | _____ No. _____ |
| ____/_____/____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |



**ORLEANS PARISH
CIVIL DISTRICT COURT
STATE OF LOUISIANA**

NO. **2019-473**          DIV:          SECTION: **N-8**

### KEITH BRYANT

### VS.

**THE STATE OF LOUISIANA THROUGH THE DEPARTMENT OF PUBLIC
SAFETY AND CORRECTIONS; SECRETARY JAMES W. LEBLANC; ANGELA
GRIFFIN, OTHER UNKNOWN DEFENDANTS**

FILED: _____          _____
                                      **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **KEITH BRYANT** a person of full age of majority, who is domiciled in Orleans Parish, State of Louisiana. This action seeks redress of violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as violations of the Louisiana's Constitution and law. Mr. Bryant, by and through his attorney, seeks all relief as detailed throughout this petition and as requested below. In support of his claims, Mr. Bryant contends the following:

1.

This Court has jurisdiction over this matter pursuant to the Louisiana Constitution Article V, § 16.

2.

This Court is the appropriate venue to adjudicate these claims pursuant to Louisiana Code of Civil Procedure articles 42 and 80.

3.

Made **DEFENDANTS** herein are:

**STATE OF LOUISIANA** through the **DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ("DOC")**, a political subdivision and/or agency of the State of Louisiana, legislatively created and capable of suing and being sued;

**JAMES LEBLANC** (hereinafter "**SECRETARY LEBLANC**"), a person of the full age of majority and a resident of the State of Louisiana, in his official and personal capacities as Secretary of the Louisiana **DOC**;

**ANGELA GRIFFIN** (hereinafter "**GRIFFIN**"), a person of the full age of majority and a resident of the State of Louisiana, in her official and personal capacities.

1

**OTHER (NAMES UNKNOWN) DOC EMPLOYEES**, individuals who are of the full age of majority and residents of the State of Louisiana, in their official and personal capacities.

4.

The above-named defendants are liable unto petitioner jointly, severally, and in solido in an amount in excess of the statutory amount required for trial by jury for the following reasons.

## FACTS

5.

Personal liberty is one of the most, if not the most, elemental rights guaranteed by the Constitution of the United States. When a person is found to have violated the law in such a manner as to forfeit that right, he is placed in custody during the term of imprisonment required by applicable law. But when that term has been served, and the convicted person has satisfied the penalty imposed, his/her fundamental right to liberty is restored and that person is set free.

6.

This constitutional sequence of events did not happen during Mr. Bryant's incarceration by Defendant **State of Louisiana** (hereinafter referenced as the "Department of Corrections" or "DOC"). Mr. Bryant was legally entitled to be released from the custody of the **DOC** on or before January 14, 2018; but instead the Defendants kept him in custody until April 18, 2018.

7.

Mr. Bryant's over detention was caused by a series of acts and omissions by both the named and currently unknown Defendants. These officials demonstrated a callous indifference to the deprivation of Mr. Bryant's freedom, and failed in their duty to release him from custody when his term of imprisonment had ended.

8.

On April 16, 2017, the New Orleans Police Department arrested Mr. Bryant and charged him with aggravated second degree battery as described under item number D176417. The Magistrate set bail at $30,000.

9.

Mr. Bryant, who was indigent, never posted bail, and remained incarcerated throughout the pendency of his criminal proceeding.

2

10.

Upon information and belief, at this time, Mr. Bryant was not on probation or parole for any other criminal proceeding.

11.

On January 11, 2018, Mr. Bryant pled guilty under case no. 535-323 to the aggravated second-degree battery charge for which he was arrested. His judge sentenced him to a one-year sentence at hard labor in the custody of the **DOC**. Mr. Bryant's sentencing judge explicitly ordered that he receive credit for all time he had previously served to the imposition of his sentence.

12.

On January 11, 2018 when Mr. Bryant pled guilty he had served approximately 271 days in pre-trial detention. Under La. R.S. 15:571.3, Mr. Bryant was eligible to earn good-time credit and should have only served seventy-five percent of his sentence – or a total of 274 days. Therefore, Mr. Bryant should have been released from the custody of the DOC on or before January 14, 2018.

13.

However, Defendants **Griffin** and **other not yet known Defendants** failed to correctly calculate Mr. Bryant's release date and credit him the good-time credit to which he was statutorily entitled.

14.

Upon information and belief, Defendants **DOC, Griffin and other not yet known Defendants** incorrectly calculated Mr. Bryant's release date as April 18, 2018.

15.

Due to Defendants **DOC, Griffin and other not yet known Defendants** intentional and/or negligent disregard of Mr. Bryant's civil rights, Mr. Bryant was overdetained at the Orleans Parish Jail in the custody of Defendant **DOC** by approximately 95 days.

16.

Upon information and belief, Defendants **DOC, Griffin and other not yet known Defendants** also never sent Mr. Bryant a new master prison record with a calculated release date after he was after was sentenced on January 11, 2018. In turn, Mr. Bryant remained intentionally and/or negligently uninformed of his calculated release date until April 18, 2018.

17.

Mr. Bryant's continued detention past his good-time release date violated his federal and state rights to due process of law, and caused injury due to false imprisonment and intentional infliction of emotional distress.

18.

As of January 14, 2018, there were no open charges, warrants, or holds pursuant to which the Defendants were entitled to keep Mr. Bryant in their custody. Every Defendant herein had access to the Louisiana Revised Statutes, law enforcement databases, agency documents, and court records which provided Mr. Bryant's date of arrest, his time served, the date he self-revoked his parole and the disposition of his criminal charges.

19.

Upon information and belief, between the date of his sentencing and eventual release, the Plaintiff and his criminal defense attorneys reached out to several officials about Mr. Bryant's overdetention at the Orleans Parish Jail and to the **DOC**, including to Defendants **LeBlanc, Griffin, other not yet known DOC Defendants**.

20.

Upon information and belief, Mr. Bryant personally wrote letters to Defendant **DOC officials** through the administrative remedies procedure, seeking to be processed out of custody. He also verbally requested assistance from officials at the Orleans Parish Jail. His requests went unanswered.

21.

As Mr. Bryant was entitled to release on or about January 14, 2018, by the time of his release from custody on April 18, 2018, he had been over detained for more than three months. During this time, Mr. Bryant was unable to work to support his family and he missed important personal events.

22.

Mr. Bryant's overdetention exacerbated symptoms that he experiences due to several mental illnesses with which he suffers. His overdetention negatively impacted his emotional wellbeing by inflicting unnecessary emotional distress.

23.

Mr. Bryant's overdetention was also a direct result of the Defendants unconstitutional policy, pattern and practice of over detaining inmates in their custody and control past the terms of their criminal sentences.

24.

4

At the time of Mr. Bryant's incarceration and over detention, the Defendants were or should have been intimately aware of **DOC's** unconstitutional pattern and practice to not timely release inmates once their respective criminal sentences had been completed. Such awareness is evidence from public legislative audits, official statements and several lawsuits concerning this topic.

25.

For instance, a Legislative Audit Report dated October 25, 2017, shows that **DOC** habitually failed to release inmates system wide on a timely basis. This Audit found that **DOC's** process for calculating offender release dates is inconsistent, which results in errors. The Audit also reported that Defendant **DOC** agreed at that time that it should implement standard procedures. In addition, this Audit Report found that because each offender's circumstances can differ, calculating release dates is a complicated process, and **DOC** does not have a standard method by which to perform this calculation. The Report specifically stated:

> "While the underlying calculations in CAJUN are correct, accurate release dates are contingent on staff entering correct data into the system. DOC does not have any policies, procedures, manuals, or standardized guidance that outlines the correct way to calculate release dates. This leads to inconsistent calculation methods. For example, we asked two DOC staff to calculate release dates on the same offender, and each staff used a different method to calculate the release date. The two results differed by 186 days. While this example was hypothetical, it illustrates the risk of error when there is no specific, agency-wide guidance or template for staff to use. According to DOC, it is developing standard procedures and training materials for time computations."

26.

Issues related to **DOC** over detaining offenders is so bad that even the Louisiana Attorney General has publicly stated in a published opinion piece that there "**is a layer of incompetence so deep that the Corrections Department doesn't know where a prisoner is on any given day of the week or when he should actually be released from prison**."

27.

During the time of Mr. Bryant's overdetention, the State of Louisiana, DOC and its employees have also been sued several times because of their ongoing wrongful over

5

detention of offenders. These lawsuits include, but are not limited to, case no. 17-512 in the United States District Court of the Middle District of Louisiana; case no. 17-602 in the United States District Court of the Middle District of Louisiana; case no. 17-2797 in the United States District Court of the Eastern District of Louisiana; and case no. 26932 in the 37th Judicial District Court in the State of Louisiana.

28.

This litigation, official statements, and legislative audits clearly show that the named and unnamed Defendants in this matter had the requisite knowledge that inmates like Mr. Bryant are regularly being unconstitutionally over detained by the State of Louisiana. Despite such knowledge, these Defendants failed to take appropriate action to cure this systemic problem at the DOC. Their unconstitutional pattern and practice of over detaining inmates in their custody and control is direct cause to the over detention experienced by Mr. Bryant.

29.

All Defendants named in this Petition share responsibility for Mr. Bryant's over detention.

## DAMAGES

30.

Petitioner, Keith Bryant, is entitled to reasonable damages for the following:

A.   Past, Present, and Future Mental Anguish;
B.   Past, Present, and Future Emotional Distress;
C.   Past, Present, and Future Loss of Wages and Diminished Economic Horizons;
D.   Damages related to the civil rights violations he has endured as protected by federal law, and the federal and Louisiana Constitutions;
E.   Any other general or specific damages to which petitioner is entitled to under the laws of the United States and Louisiana.

## CLAIMS FOR RELIEF

**COUNT 1:   Violation of the Fourteenth Amendment's Due Process Clause Pursuant to 42 U.S.C. § 1983 Due to the Continued Detention of Mr. Bryant Past His Release Date**

31.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint

32.

This unreasonable and arbitrary deprivation of Mr. Bryant's right to be free from detention following completion of his imposed sentences is a violation of his Due Process

rights under the Fourteenth Amendment. Defendants **DOC, LeBlanc,** and **Griffin** knew the applicable law governing how to calculate Mr. Bryant's release date. They intentionally disregarded this law and calculated a date resulting in his over detention in their custody by over three months. As Defendants were acting under color of law when they violated Mr. Bryant's constitutional rights, this claim for relief is brought pursuant to 42 U.S.C. § 1983.

33.

As a result of Mr. Bryant's unlawful over detention, he suffered damages, including loss of liberty, mental anguish and emotional suffering, and other injuries.

**COUNT 2:    Violation of the Due Process Clause of Article 1, Section 2 of the Louisiana Constitution Due to the Continued Detention of Mr. Bryant Past His Release Date**

34.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint.

35.

This unreasonable and arbitrary deprivation of Mr. Bryant's right to be free from detention following completion of their imposed sentences is a violation of his Due Process rights guaranteed by Article 1, Section 2 of the Louisiana Constitution.

36.

The same acts and omissions of Defendants that violated Mr. Bryant's rights under the Fourteenth Amendment to the United States Constitution also deprived him of the due process guarantee of the state constitution.

37.

As a result of Mr. Bryant's unlawful over detention, they suffered damages, including loss of liberty, mental anguish and emotional suffering, and other injuries.

**COUNT 3:    *Monell* Violation § 1983 Based on the Establishment of Policies, Patterns or Practices pursuant to which Mr. Bryant and Other Inmates are Denied Release from the Custody of the DOC once they have served their respective criminal sentences.**

38.

The Defendants named in this Count, **Defendants Leblanc** and **Griffin**, in their official capacities with **Defendant DOC**, acting under color of law, violated Mr. Bryant's right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as guaranteed by the Fourteenth Amendments of the United States

7

Constitution and 42 U.S.C. § 1983.  They did so by knowingly establishing and maintaining policies, patterns, or practices that wrongly calculate an offender's release date, resulting in an untimely release of offenders from the custody of **Defendant DOC** once they have fully served their criminal sentence.  Furthermore, these named Defendants, individually and collectively, had the duty and ability to intervene and prevent the violations of the rights of Mr. Bryant, as described herein, but failed to do so.

39.

Mr. Bryant repeats and re-alleges each and every allegation of the petition.

40.

Mr. Bryant was and remains to be individually harmed by these policies, patterns, or practices.  These deprivations are the direct cause of significant pain and suffering experienced by Mr. Bryant.

41.

At all pertinent times, the defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety and constitutional and civil rights of Mr. Bryant by establishing the above-described policies, patterns, or practices.

42.

The above-named defendants are therefore liable to the plaintiff for violation of the constitutional rights described above pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

**COUNT 4:    State Law False Imprisonment**

43.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint.

44.

Mr. Bryant was falsely imprisoned when he was held in custody after all legal authority for his detention had expired.

45.

As a result of Mr. Bryant's unlawful over detention, he suffered damages, including loss of liberty, mental anguish and emotional suffering, and other injuries.

**COUNT 5:    State Law Intentional Infliction of Emotional Distress**

8

46.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint.

47.

The conduct of Defendants was extreme and outrageous. Defendants were aware that their conduct would result in his being held in custody after all legal authority for his detention had expired. Defendants knew that this over detention would result in severe emotional distress to Mr. Bryant.

**COUNT 6:   Negligence**

48.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint.

49.

The conduct of Defendants was negligent in that the Defendants failed to properly calculate Mr. Bryant's date of release from the custody of the **DOC**.  This action fell below the applicable standard of care that the Defendant's owed Mr. Bryant.

**COUNT 7:   Negligent Infliction of Emotional Distress**

50.

Mr. Bryant incorporates by reference the allegations previously set forth in this complaint.

51.

The Defendants' negligent conduct directly resulted in severe emotional distress suffered by Mr. Bryant.

**COUNT 8:   Respondeat Superior Liability of the STATE OF LOUISIANA**

52.

At all relevant times, the individually named defendants were acting in the course and scope of their employment with defendant STATE OF LOUISIANA.  The STATE OF LOUISIANA is therefore liable under the doctrine of respondeat superior for the actions and inactions of the individual defendants, as described herein.

**RELIEF REQUESTED**

**WHEREFORE,** petitioner prays that after all due proceedings had in this case that this Honorable Court

1.    Cite the Defendants to appear herein and answer;

9

2.      Enter a judgment in favor of Mr. Bryant, and against the named defendants for such

sums as are reasonable in the premises, together with all costs of these proceedings, and

interest from date of judicial demand;

3.      Declare that the acts and omissions of the defendants violated the Eighth and

Fourteenth Amendments to the United States Constitution; Art. I, §§ 2 and 20 of the

Louisiana Constitution of 1974; and Louisiana tort law.

4.      Award Appropriate Attorney's fees;

5.      Grant to Mr. Bryant all other general and equitable relief that may be appropriate

under the circumstances.

Respectfully Submitted,

/s/ Emily H. Posner
Emily H. Posner (La. Bar No. 35284)
7214 St. Charles Box 913
New Orleans, Louisiana 70118
Phone:          (225) 746-8820
Fax:            (225) 208-1439
ep@emilyposnerlaw.com

*Attorney for Keith Bryant*

**PLEASE SERVE:**

**The State of Louisiana**
Through the Department of Public Safety and Corrections
Through its agent for service of process:
James M. LeBlanc, Secretary
Capitol Station
504 Mayflower Street
Baton Rouge, LA 70804

**The State of Louisiana**
Through the Office of the Louisiana Attorney General
1885 North Third Street
Baton Rouge, Louisiana
70802

**The State of Louisiana**
Through the Office of Risk Management
1201 N 3rd St
Baton Rouge, LA 70802

**James M. LeBlanc, Secretary**
Capitol Station
504 Mayflower Street
Baton Rouge, LA 70804

**Angela Griffin**
via Secretary James LeBlanc or his employees
504 Mayflower Street
Baton Rouge, LA 70804

**Other Unknown Defendants**

10

A TRUE COPY

DEPUTY CLERK CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

via Secretary James LeBlanc or his employees
504 Mayflower Street
Baton Rouge, LA 70804