UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH BRYANT | CIVIL ACTION |
| VERSUS | NO. 19-10324 |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS ET AL. | SECTION "T"(2) |

## ORDER ON MOTIONS

APPEARANCES:  None (on the briefs)

MOTION: (1) Plaintiff's Motion to Compel Discovery Responses, Record Doc. No. 12; (2) Defendants' Motion to Stay Discovery and Reset Deadlines, Record Doc. No. 14

O R D E R E D:

(1), (2): GRANTED IN PART AND DENIED IN PART as provided herein. Defendants' motion to dismiss this case under Fed. R. Civ. P. 12(b)(6) on qualified immunity grounds is pending and noticed for submission on September 18, 2019. Record Doc. No. 13. "Generally, a plaintiff may not obtain discovery against a party asserting qualified immunity until the Court first finds that the pleadings assert facts sufficient to overcome the qualified immunity defense." Nelms v. City of Waxahachie, 2008 WL 11425663, at *1 (N.D. Tex. Mar. 17, 2008) (citing Wicks v. Mississippi State Employment Servs., 41 F.3d 991, 994 (5th Cir. 1995)). In Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995), the Fifth Circuit held that when defendants raise a qualified immunity defense, the district court "may ban discovery . . . and may limit any necessary discovery to the defense of qualified immunity." (Emphasis added). "If the complaint alleges facts to overcome the defense of qualified immunity, the district court may then proceed . . . to allow the discovery necessary to clarify those facts upon which the immunity defense turns." Wicks, 41 F.3d 991 at 995 (citations omitted) (emphasis added).

> The doctrine of qualified immunity offers a shield against civil liability for government employees "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." . . . . "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action,

assessed in light of the legal rules that were clearly established at the time it was taken."

Wernecke v. Garcia, 591 F.3d 386, 392–93 (5th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Pearson v. Callahan, 555 U.S. 223, 231 (2009)).

The Fifth Circuit has emphasized that

> "[q]ualified immunity is an immunity from suit rather than a mere defense to liability." Pearson v. Callahan, 555 U.S. 223, 237 (2009) (internal quotation marks omitted). . . . [I]mmunity is "effectively lost if a case is erroneously permitted to go to trial" . . . . Mitchell v. Forsyth, 472 U.S. 511, 526–27 . . . (1985). This court has applied Mitchell to trial court discovery orders that, through overbreadth, effectively deprive public officials of an immunity from suit. Wicks[, 41 F.3d at 994–95.]
> One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive, Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986). Consequently, this court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense. As we explained in Wicks, supra, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." Id.; see also Ashcroft v. Iqbal, 556 U.S. 662, 678–79 . . . (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"– excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth"). Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. After the district court finds a plaintiff has so pled, if the court remains "unable to rule on the immunity defense without further clarification of the facts," it may issue a discovery order "narrowly tailored to uncover only those facts needed to rule on the immunity claim." Lion Boulos [v. Wilson, 834 F.2d 504, 507–08 (5th Cir. 1987)].

Backe v. LeBlanc, 691 F.3d 645, 648 (5th Cir. 2012).

Applying these standards, plaintiff's request for an order requiring responses to his discovery requests at any time while the qualified immunity motion to dismiss is pending and for sanctions is denied. Instead, defendants will be required to respond and/or object to the subject discovery requests only if and after the court denies the pending motion to dismiss. In their motion to stay, defendants state that they "may conduct discovery" if their motion is denied. Record Doc. No. 14-1 at p. 3. Accordingly,

IT IS ORDERED that all discovery is temporarily stayed as follows. Discovery may commence only if and after the pending motion to dismiss is denied, in which case defendants must provide their responses and/or objections to the subject discovery no later than 21 days after entry of the court's order denying the motion to dismiss. All objections are specifically preserved.

IT IS FURTHER ORDERED that defendants' request in its motion to reset deadlines is denied as premature. The current deadlines to complete discovery and to file pretrial motions do not occur until February 11 and 18, 2020, respectively. Record Doc. No. 9. It appears at this time that ample time to complete discovery will remain available if the court denies the motion to dismiss. If not, a new motion to extend deadlines may be filed.

New Orleans, Louisiana, this \_\_\_\_11th\_\_\_\_ day of September, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. GREG GERARD GUIDRY**