UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH BRYANT | CIVIL ACTION |
| VERSUS | NO: 19-10324 |
| LOUISIANA DEPARTMENT OF<br>PUBLIC SAFETY AND CORRECTIONS;<br>JAMES LEBLANC, Individually and in<br>his Official Capacity as Secretary of the<br>Louisiana Department of Public Safety and<br>Corrections; and Angela Griffin,<br>Individually and in her Official Capacity as<br>an employee of the Louisiana Department<br>of Public Safety and Corrections | SECTION: T (2) |

## ORDER

Before the Court are Motions to Dismiss pursuant to Rule 12(b)(1)[1] and Rule 12(b)(6)[2] filed by the Louisiana Department of Public Safety and Corrections ("DPSC"), Secretary James LeBlanc ("LeBlanc"), and Angela Griffin ("Griffin") (collectively, "Defendants"). Keith Bryant ("Plaintiff") has filed an opposition.[3] For the following reasons, the motions to dismiss are **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claims for monetary damages under 42 U.S.C. § 1983 and Louisiana state law against Defendants and other unknown DPSC employees.[4] Plaintiff filed his original petition in state court, and Defendants subsequently filed a notice of removal.[5] Plaintiff alleges he was arrested on April 16, 2017 and charged with aggravated second-degree battery.[6] Plaintiff was unable to post bail and remained incarcerated throughout the pendency of his criminal

---

[1] R. Doc. 10.
[2] R. Doc. 13.
[3] R. Doc. 20.
[4] R. Doc. 1-1, ¶3.
[5] R. Doc. 1.
[6] R. Doc. 1-1, ¶8.

1

proceeding.[7] On January 11, 2018, Plaintiff pled guilty and was sentenced to one year at hard labor with credit for time previously served.[8] Plaintiff was released on April 18, 2018.[9]

Plaintiff claims that Defendants improperly calculated his sentence and that he should have been released on or before January 14, 2018.[10] Plaintiff seeks monetary damages for the alleged over-detention, and asserts eight counts against Defendants: (1) violation of the Fourteenth Amendment's Due Process Clause pursuant to 42 U.S.C. §1983; (2) violation of Article 1, §2 of the Louisiana Constitution; (3) *Monell* violation of §1983 based on DPSC's policies and practices; (4) False Imprisonment; (5) Intentional Infliction of Emotional Distress; (6) Negligence; (7) Negligent Infliction of Emotional Distress; and (8) *Respondeat Superior* Liability of the State of Louisiana.[11]

Defendants filed a Rule 12(b)(1) motion asserting the Court lacks subject matter jurisdiction over Plaintiff's §1983 claims for monetary damages against DPSC and against LeBlanc and Griffin in their official capacities reasoning that these claims are barred by Eleventh Amendment sovereign immunity.[12] Defendants also filed a Rule 12(b)(6) motion asserting that Plaintiff's §1983 claims are barred by the *Heck v. Humphrey* doctrine[13] and that LeBlanc and Griffin are entitled to qualified immunity.[14]

---

[7] R. Doc. 1-1, ¶8.
[8] R. Doc. 1-1, ¶11.
[9] R. Doc. 1-1, ¶14.
[10] R. Doc. 1-1, ¶12.
[11] R. Doc. 1-1, pp. 6-9.
[12] R. Doc. 10-1, p.3.
[13] R. Doc. 13-1, p.3 (*citing Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).
[14] R. Doc. 13-1, p.7.

Plaintiff opposes Defendants' motions contending the *Heck* doctrine is inapplicable because Plaintiff's claims do not imply the invalidity of Plaintiff's conviction or sentence.[15] Plaintiff also asserts that *Heck* is inapplicable to Defendants' qualified immunity claims.[16]

## LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

Federal Courts are courts of limited jurisdiction, possessing only the authority granted by the United States Constitution and conferred by the United States Congress.[17] Courts should determine whether subject-matter jurisdiction is present before addressing other issues.[18] Where Eleventh Amendment sovereign immunity deprives the Court of jurisdiction over a § 1983 claim, the matter must be dismissed without prejudice under Rule 12(b)(1).[19]

The Eleventh Amendment bars individuals from suing a State and its officials for money damages in federal court.[20] Although Louisiana has waived its Eleventh Amendment sovereign immunity against tort claims brought in state court,[21] it has not waived its sovereign immunity from suits in federal court.[22] A plaintiff cannot avoid the sovereign immunity bar "by suing a state agency or arm of a State" where the State is the real party in interest.[23] Additionally, state officials may enjoy immunity under the Eleventh Amendment when they are sued in their official capacities.[24]

---

[15] R. Doc. 20, pp.9-10.
[16] R. Doc. 20, p.14.
[17] *Howery v. Allstate Ins. Co*., 243 F.3d 912, 916 (5th Cir. 2001).
[18] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Hitt v. Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).
[19] *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).
[20] *Frew ex rel. Frew v. Hawkins*, 540 U.S. 432, 437 (2004); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Ussrey v. Louisiana,* 150 F.3d 431, 434 (5th Cir. 1998).
[21] La. R.S. § 13:5106.
[22] *Mathai v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.,* 959 F. Supp. 2d 951, 957 (E.D. La. 2013), *aff'd*, 551 F. App'x 101 (5th Cir. 2013).
[23] *Richardson v. Southern University*, 118 F.3d 450, 452 (5th Cir.1997).
[24] *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

Plaintiff's complaint asserts 42 U.S.C. §1983 claims against DPSC and seeks to hold the State of Louisiana responsible through *respondeat superior* liability.[25] This District has previously held that DPSC enjoys qualified immunity as a state agency,[26] because the State of Louisiana is the real party in interest. Therefore, the Court lacks subject matter jurisdiction to hear the 42 U.S.C. §1983 claims for monetary damages against DPSC.

Plaintiff also asserts 42 U.S.C. §1983 claims against Leblanc and Griffin in their official and personal capacities.[27] An employee of a department within the state sued in his or her official capacity is not considered a person for purposes of §1983.[28] Therefore, the claims for monetary damages against LeBlanc and Griffin in their official capacities are barred by sovereign immunity, and this Court lacks subject matter jurisdiction over the 42 U.S.C. §1983 claims against LeBlanc and Griffin in their official capacities.

**B. Failure to State a Claim**

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[29] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[30] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[31]

---

[25] R. Doc. 1-1, p.9.
[26] *See Kervin v. City of New Orleans*, 2006 WL 2849861, at *4 (E.D. La. Sept. 28, 2006) (analyzing the factors in *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir.1999)); *See also Dauzat v. Carter,* 2015 WL 2066472, at *15 (E.D. La. Apr. 30, 2015), *aff'd,* 670 F. App'x 297 (5th Cir. 2016) (explaining "[t]he Department of Corrections ("DOC") is a department within the Louisiana state government pursuant to La.Rev.Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any judgment against it or its subdivisions necessarily would be paid from state funds.").
[27] R. Doc. 1-1, p.1.
[28] *Burnette v. Brooks*, 250 F.3d 740 (5th Cir. 2001).
[29] Fed. R. Civ. P. 12(b)(6).
[30] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In evaluating a complaint under Rule 12(b)(6), the court should confine itself to the pleadings,[32] and the documents attached to the complaint.[33]

In *Heck v. Humphrey*, the Supreme Court explained that when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[34] But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[35]

In *Randell v. Johnson*, the Fifth Circuit affirmed dismissal of a plaintiff's complaint for damages under §1983 where the plaintiff alleged he was over detained because he was not given credit for time served.[36] The Fifth Circuit rejected plaintiff's argument that, because he was no longer in custody and could not file a habeas petition, he did not have to prove the underlying proceedings upon which his conviction was based have been terminated in his favor.[37] Instead, the Fifth Circuit determined the plaintiff failed to state a claim upon which relief may be granted because he failed to satisfy the favorable termination requirement of *Heck*.[38]

In this case, Plaintiff contends he cannot seek a writ of habeas corpus because he is no longer in custody.[39] However, based on the Fifth Circuit holding in *Randell*, the Plaintiff must still establish the favorable termination requirement of *Heck* to proceed with his claim for monetary

---

[32] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[33] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[34] *Heck,* 512 U.S. at 487.
[35] *Heck,* 512 U.S. at 487.
[36] *Randell v. Johnson*, 227 F.3d 300 (5th Cir. 2000).
[37] *Randell,* 227 F.3d at 301.
[38] *Randell,* 227 F.3d at 301 (citing *Heck,* 512 U.S. at 486).
[39] R. Doc. 20, p.11.

5

damages under §1983.[40] Plaintiff acknowledges that he cannot produce a favorable determination requirement.[41] Because Plaintiff is seeking monetary damages pursuant to §1983 for an alleged unconstitutional over-detention and has not satisfied the favorable termination requirement of *Heck*, he fails to state a claim under §1983 upon which relief may be granted.[42]

### C. Jurisdiction Over the Remaining State Law Claims

Plaintiff filed his petition in state court.[43] Defendants invoked federal jurisdiction solely on 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights and elective franchise) because the Plaintiff asserted claims under 42 U.S.C. § 1983.[44] Prior to dismissal of Plaintiff's 42 U.S.C. § 1983 claims, the Court could exercise supplement jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. However, Plaintiff's only federal claims under 42 U.S.C. §1983 claims have been dismissed. Plaintiff's remaining claims sound in state law.[45] When federal law claims in an action based on federal question jurisdiction are eliminated and only state law claims remain, the federal court should not continue to exercise jurisdiction.[46] Because Plaintiff originally filed this case in state court and the Court no longer has supplemental jurisdiction over the remaining claims, Plaintiff's remaining state law claims must be remanded to state court.

### **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss pursuant to Rule 12(b)(1)[47] filed by the Louisiana Department of Public Safety and Corrections,

---

[40] *Randell,* 227 F.3d at 301 (citing *Heck,* 512 U.S. at 486).
[41] R. Doc. 20, p.11.
[42] Because the Court finds Plaintiff's §1983 claims are barred under *Heck*, the Court does not reach Defendants' qualified immunity claims. *See Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008).
[43] R. Doc. 1-1.
[44] R. Doc. 1.
[45] R. Doc. 1-1.
[46] *Lucien v. Jones,* No. 16-9591, 2016 WL 4942997, at *7 (E.D. La. Sept. 16, 2016) (*citing Bruneau v. Deposit Ins. Corp.*, 785 F. Supp. 585, 590 (E.D. La. 1992)).
[47] R. Doc. 10.

6

Secretary James LeBlanc, and Angela Griffin is **GRANTED**. Keith Bryant's claims pursuant to 42 U.S.C. §1983 against the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc in his official capacity, and Angela Griffin in her official capacity are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss pursuant to Rule 12(b)(6)[48] filed by the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, and Angela Griffin is **GRANTED**. Keith Bryant's claims pursuant to 42 U.S.C. §1983 against Secretary James LeBlanc in his individual capacity and Angela Griffin in her individual capacity are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that this case is remanded to the Civil District Court for Orleans Parish.

**New Orleans, Louisiana**, on this 24th day of October, 2019.

*[signature: Greg Gerard Guidry]*

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[48] R. Doc. 13.